IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TERRY JACK MILLICAN | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-132 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Terry Jack Millican, an inmate confined at the Polunsky Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings (Doc. # 6). Petitioner filed Objections to the Report and Recommendation of United States Magistrate Judge (Doc. # 8). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

The Magistrate Judge recommends dismissing the petition as time-barred. In his Objections, Petitioner argues he filed his habeas petition as soon as he discovered he was convicted under a void statute and that this qualifies as extraordinary circumstances. As outlined in the Report and Recommendation, Petitioner was convicted of four counts of harassment under Texas Penal Code. 22.11. The offense date was October 6, 2005. Texas Penal Code § 22.11 was amended on June 17, 2005 with an effective date of September 1, 2005. *See* TEX. PENAL CODE § 22.11. Petitioner did not file this petition, however, until June of 2020, fifteen years after the statute was amended.

A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstances prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (201) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 428 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g., Phillips*

*v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine If there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner claims he waited fifteen years as that was when he was first aware of the amended statute. Petitioner's *pro se* status and lack of legal knowledge, however, do not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000); *Webster v. Stephens*, No. 4:13-CV-859-A, 2014 WL 201707, at *2 (N.D. Tex. Jan. 17, 2014) ("It is well settled . . . that a petitioner's pro se status, indigence and lack of knowledge of the law, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period.") (citing *Felder*, 204 F.3d at 171-72; *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999)). Petitioner has not met his burden to establish circumstances warranting equitable tolling of the statute of limitations.

Accordingly, petitioner's Objections are overruled. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the Court is of the opinion Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the

petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, Petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**SIGNED** this the **11** day of **April, 2022.**

_____
Thad Heartfield
United States District Judge